UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David S.,[1]

        Plaintiff,

v.

Kilolo Kijakazi,
Acting Commissioner of Social Security,

        Defendant.

Case No. 19-cv-3137 (ADM/LIB)

**REPORT AND RECOMMENDATION**

---

Pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon Plaintiff David S.'s counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b). [Docket No. 40]. Pursuant to the Local Rules governing motions filed in Social Security cases in this District, the Court took Plaintiff's counsel's Motion under advisement on the written submissions of the parties.

Plaintiff's counsel moves the Court for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $12,503.50. (See Mot. for Attorney Fees [Docket No. 40]).[2] As Defendant acknowledges, the Commissioner of the Social Security

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in Social Security opinions such as the present Report and Recommendation. Accordingly, where the Court refers to Plaintiff, only his first name and last initial will be provided.

[2] Plaintiff's counsel's Motion and Memorandum actual seeks an award of attorney's fees in an amount equal to 25% of the past due benefits awarded to Plaintiff which Plaintiff's counsel calculated as an award of attorney's fees in the mount of $11,751.17. (See Mot. [Docket No. 40]; Mem. [Docket No. 41]). However, this calculation appears to be a scrivener's error because the Notices of Award from the Social Security Administration, [Docket Nos. 42, 43], provide that 25% of Plaintiff's total award of past due benefits amounts to $12,503.50. The Court's discussion here will utilize the correct numbers as provided by the Social Security Administration in the Notices of Award. See Tebbe v. Saul, No. 1:17-cv-447 (SLC), 2020 WL 5525500, at *1 (N.D. Ind. Sept. 15, 2020) (basing the determination of whether to award attorney's fees on the correct numbers as provided by the Notice of Award rather than the number provided by counsel's scrivener's error); Kleving v. Comm'r of Soc. Sec., No. 6:15-cv-1413-EJK, 2021 WL 9594472, at *2 (M.D. Fla. Mar. 25, 2021) (utilizing correct dollar amounts rather than the dollar amount resulting from a scrivener's error by counsel).

Administration "has no direct financial stake in the outcome of this motion; rather, the Commissioner 'plays a part in the fee determination resembling that of a trustee for the claimants,'" and Defendant proffers no opposition to the present Motion. (Def.'s Mem. [Docket No. 50]).

In relevant part, the Social Security Act, 42 U.S.C. § 406(b)(1)(A), as it relates to disability insurance benefits, provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). The Social Security Act further provides that § 406 applies equally to circumstances involving the payment of supplemental security income. 42 U.S.C. § 1383(d)(2).

On February 9, 2021, this Court remanded the present action to the ALJ for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Order [Docket No. 17]). On May 12, 2021, the Court issued an Order awarding Plaintiff attorney's fees in the amount of $5,713.00, pursuant to the Equal Access to Justice Act. (Order [Docket No. 32]).[3]

On May 14, 2023, the Commissioner issued a Notice of Award indicating that Plaintiff was entitled to back payments of disability benefits. (Notice of Award for Title II Benefits [Docket No. 42]). The Social Security Administration withheld 25% of Plaintiff's award of past disability benefits ($11,624.75) in the event attorney's fees needed to be paid. (Id. at 3).[4]

---

[3] In the present Motion, Plaintiff's counsel acknowledges that if the present request for fees is approved, the EAJA fees previously awarded in this case will be refunded by Plaintiff's counsel to Plaintiff. (Mot. [Docket No. 40] at 2).

[4] The Notice of Award does not provide the total amount of Plaintiff's award of back disability benefits. (Id.). Rather, the Notice of Award provides that the Social Security Administration "usually withhold[s] 25 percent of past-due benefits in order to pay the approved representative's fee," and it further provides that the Social Security Administration withheld $11,624.75 in the event representation fees need to be paid. (Id. at 3). Plaintiff does not dispute that $11,624.75 represents 25% of Plaintiff's award of back disability benefits, and Defendant takes no position on the issue. (See Def.'s Response [Docket No. 50]).

On June 14, 2023, the Commissioner issued a Notice of Award indicating that Plaintiff was entitled to back payments of supplemental security income. (Notice of Award for Title XVI Benefits [Docket No. 43]). The Notice of Award provided that Plaintiff was entitled to back payments for supplemental security income in the amount of $3,515.00. (Id.).[5] The Notice of Award further indicated that Social Security Administration withheld 25% of Plaintiff's award of back benefits ($878.75) in the event attorney's fees needed to be paid. (Id. at 3).

Therefore, the record presently before the Court unequivocally demonstrates that Plaintiff received "judgment favorable to" him as required by 42 U.S.C. § 406(b)(1)(A) and § 1383(d)(2). In addition, Defendant fails to argue the Court's previous remand of the present case is anything other than a favorable judgment as required by 42 U.S.C. § 406(b)(1)(A) and § 1383(d)(2). (See Def.'s Response [Docket No. 50]). Plaintiff has accordingly shown he is entitled to an award of attorney's fees under 42 U.S.C. § 406(b)(1)(A) and § 1383(d)(2).

In support of the amount requested for the fee award, Plaintiff's counsel submitted a contingent Attorney Fee Agreement which was signed by Plaintiff. (Fee Agreement [Docket No. 44]). The Attorney Fee Agreement provided that Plaintiff's attorney fee would be 25% of all back benefits awarded in his case. (Id.).

In support of Plaintiff's prior motion for attorney fee pursuant to the EAJA, Plaintiff's counsel submitted itemized lists of the time Plaintiff's counsel and his staff spent representing Plaintiff. (Decls. [Docket Nos. 23, 24, 25]). As the Court previously observed in its Report and Recommendation recommending an award of EAJA fees, Plaintiff's counsel and his staff

---

[5] Plaintiff's counsel's memorandum asserts that Plaintiff received a Notice of Award for Title XVI benefits with past due benefits in the amount of $505.69. (Mem. [Docket No. 40] at 6). The Court assumes this to be a scrivener's error. The Notice of Award for Title XVI Benefits patently indicates that Plaintiff was due back payments for supplemental security income in the amount of $3,515.00. (Notice of Award for Title XVI Benefits [Docket No. 43] at 3).

3

reasonable expended 29 hours representing Plaintiff in the present case at the Federal Court level. (Report and Recommendation [Docket No. 30] at 5) (adopted by Order [Docket No. 32]).

Section 406(b) requires the Court to review contingent fee agreements in Social Security cases "to assure they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (1992). Contingency fee agreements are unenforceable when they provide for fees in excess of 25% of the past due benefits; however, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. Notwithstanding a contingency fee agreement, a reduction in the fee amount may be appropriate where the legal representation was substandard, counsel was responsible for a delay which increased the past due benefits fund from which the fee was payable, or if benefits were too large in comparison to the amount of time counsel spent on the case. Gisbrecht, 535 U.S. at 807.

As observed above, the present Motion seeks attorney fees in the amount of $12,503.50, and the Court previous found that Plaintiff's counsel and his staff reasonable expended 29 hours representing Plaintiff in the present case at the Federal Court level. The requested fee amount is an effective hourly rate of approximately $431.16. While that figure may on its face initially appear high, Courts considering similar motions for attorney's fees pursuant to the Social Security Act have approved effective hourly rates in excess of $1,000.00. See, e.g., Richard E.C. v. Saul, No. 19-cv-1900 (ECW), 2021 WL 9476864, at *2 (D. Minn. Mar. 19, 2021); Porterfield v. Kijakazi, No. 4:20-cv-1443 (SRW), 2023 WL 5722612, at *4 (E.D. Mo. Sept. 5, 2023); Smith v. Astrue, No. 6-cv-2091 (ADM/AJB), 2008 WL 2609443, at *4 (D. Minn. June 24, 2008); Weed v. Colvin, No. 2:14-cv-271 (JHR), 2016 WL 3919849 (D. Me. July 15, 2016); Beaulieu v.

Colvin, No. 1:10-cv-454 (GZS), 2016 WL 675646, at *3 (D. Me. Jan. 28, 2016); Jody A. E. v. Saul, No 16-cv-969 (MJD/BRT), 2019 WL 4928921, at *2 (D. Minn. Oct. 7, 2019).

Moreover, there is no indication in the record now before the Court that Plaintiff's counsel's work representing Plaintiff was in any way substandard. Similarly, there is no indication in the record now before the Court that Plaintiff's counsel contributed to any unreasonable delay which increased the past due benefits fund from which the fee is payable. In addition, there is no indication in the record that the present request for attorney's fees was unreasonable delayed.

In summary, the Court finds Plaintiff's counsel's requested contingent fee is reasonable and appropriate, and that Plaintiff's counsel is entitled to an award of $12,503.50 in attorney fees.

Therefore, for the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff's Counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b), [Docket No. 40], be **GRANTED**, as set forth herein;

2. Plaintiff's counsel be awarded attorney's fees in the amount of $12,503.50; and

3. Upon receipt of the presently awarded attorney's fees, Plaintiff's counsel be required to refund to Plaintiff the previously awarded EAJA fees, in the amount of $5,713.00.


Date: November 1, 2023				s/Leo I. Brisbois
						Hon. Leo I. Brisbois
						U.S. Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).